UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH J. GENTILE, JR., | |
| Plaintiff, | 22-CV-8411 (LTS) |
| -against- | ORDER TO AMEND |
| EDWARD BURNETT; JOHN WOOD; LUIS GONZALES; M. FEUZ, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Mohawk Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff originally filed this action in the United States District Court for the Western District of New York. That court transferred the action here because it involves claims that arose during Plaintiff's incarceration in Fishkill Correctional Facility, which is located in Dutchess County, New York, within this district.

By order dated October 26, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks

and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Joseph Gentile, Jr. is incarcerated in the custody of the New York State

Department of Corrections and Community Supervision (DOCCS), pursuant to his 2007

conviction in the Supreme Court of the State of New York, Queens County. *People v. Gentile*, 73

A.D.3d 944, 944–46 (2d Dep't 2010), *lv denied*, 935 N.E.2d 821 (N.Y. 2010).[2]

Plaintiff alleges the following facts. While in DOCCS custody, Plaintiff completed the

Alcohol and Substance Abuse Treatment and Aggression Replacement Training programs. (ECF

1 at 14.) Toward the end of 2020, Plaintiff began participating in the Sex Offender Counseling

and Treatment Program (SOCTP) at Fishkill Correctional Facility, which Social Worker Maria

Feuz facilitated. In January 2021, Plaintiff was notified that he would be released to parole on

April 27, 2021. (*Id.* at 5.) In a letter attached to the complaint, Plaintiff writes that he "was told

by Fishkill DSP John Wood that all [he] need[ed] to do is complete the last phase of the SOP and

satisfy the program." (*Id.* at 14.) Plaintiff began obtaining approval of his plans for release,

including his proposed residence with his mother-in-law and his planned employment with a

---

[2] Plaintiff was sentenced to eighteen years in prison on one count, to run concurrently
with a term of six years and a term of one year on other counts, plus five years of post-release
supervision. *See Gentile v. Larkin*, No. 12-CV-0055 (ERK), 2018 WL 1459449, at *1 (E.D.N.Y.
Mar. 23, 2018) (denying petition for a writ of *habeas corpus* under 28 U.S.C. § 2254). According
to public records of DOCCS, Plaintiff's earliest release date is currently November 25, 2023.

master electrician. (*Id.* at 6.) He attaches a copy of a record from the DOCCS website, which lists his "conditional release date" as April 27, 2021. (*Id.* at 16-17.)

Plaintiff began having conflicts in the SOCTP with Social Worker Feuz. Plaintiff states that "five (5) months and a week into the six (6) month program, Ms. Feuz began making what appeared to be some inappropriate physical gestures/advances toward [him] – *e.g.*, positioning her buttocks in front of [him] to encourage some type of reaction from him, as well as directly asking what arouses him sexually." (*Id.* at 13.) He responded that this "is between God, him, and his wife, and nobody else," and he filed "a formal PREA complaint," referring to the Prison Rape Elimination Act (PREA). (*Id.*) Plaintiff also had an argument with Social Worker Feuz during the SOCTP class about whether homosexuality is deviant.

Plaintiff attaches to the complaint a "referral and recommendation sheet" from the SOCTP Review Committee, dated April 12, 2021, which states that due to his "unsatisfactory participation" and "unsatisfactory behavior," the Treatment Program Review Committee recommends Plaintiff's termination from the SOCTP program. (*Id.* at 19.) The document is signed by Offender Rehabilitation Coordinator (ORC) Owens; Senior ORC Reid; and Social Worker Feuz. Also attached to the complaint is a document titled, "Program Refusal Notification," which lists Plaintiff's name and states "I am refusing to participate in the . . . Sex Offender Counseling and Treatment Program"; it is signed by Feuz and someone else whose name is illegible, but the "signature of inmate" line is blank, and the box "inmate refused to sign" is checked.[3] (*Id.* at 22.)

---

[3] The date on the Program Refusal Notification is illegible in the copy submitted to the Court, but Plaintiff asserts that it was signed on April 28, 2021. (ECF 1 at 12.)

On April 16, 2021, the court received Plaintiff's first complaint bringing claims in connection with the SOCTP, which was opened as *Gentile v. Annucci*, No. 21-CV-3405 (VB) (S.D.N.Y. Feb. 7, 2022). In that action, Plaintiff alleged that requiring him to attend the SOCTP program violated his religious freedom as a Muslim. Defendants moved to dismiss that action on October 7, 2021.[4] That same day, October 7, 2021, the United States District Court for the Western District of New York received this new complaint. Plaintiff alleges in this complaint that Social Worker Feuz retaliated against him for filing his earlier religious-freedom suit by conspiring with Gonzales, Wood, and Burnett "to defraud Plaintiff of the required Due Process of a 'parole rescission procedure,'" thereby failing to release him to parole in April 2021.[5] (*Id.* at 4.) Nearly one year after this complaint was filed, on October 2, 2022, the United States District Court for the Western District of New York transferred this action to this Court.

Plaintiff attaches to the complaint his undated letter to prison authorities, in which he states that he had filed multiple written grievances regarding his termination from the SOCTP, which had gone unanswered. (*Id.* at 14). On May 4, 2021, Plaintiff wrote that his grievance titled "illegal detention," had been retitled as "cancelled release date." (*Id.* at 20.) He argued in the grievance that he had a due process right to a parole hearing before his parole release authorization was "take[n]" from him. (*Id.*) Plaintiff attaches the May 13, 2021, response from the Inmate Grievance Review Committee, which states that "a review of grievant's record shows

---

[4] On February 7, 2022, Judge Briccetti granted Plaintiff's request to voluntarily dismiss his complaint in *Gentile*, No. 21-CV-3405 (VB) (S.D.N.Y.), and that action is now closed.

[5] Both complaints named the following five defendants: Fishkill Superintendent Edward Burnett; Deputy John Wood; Assistant Deputy Luis Gonzales; Social Worker Feuz; and Acting DOCCS Commissioner Anthony Annucci.

that he refused sex offender programming and will now be seen by the time allowance committee in May [2021] to determine if his good time should be withheld."[6] (*Id*. at 21.)

Plaintiff states that he fully exhausted his grievance remedies, by appealing to Fishkill Superintendent Burnett and the Central Office Review Committee. He also filed an Article 70 *habeas* petition in the Supreme Court of the State of New York, Dutchess County, *Gentile v. Burnett*, Index No. 390/2021 (filed May 17, 2021), which he says Justice Maria G. Rosa transferred to Erie County, where it remained pending, as of October 2021, when he filed this complaint.

Because of the issues with the SOCTP, DOCCS raised Plaintiff's "programmatic risk level," resulting in his transfer to Collins Correctional Facility, with the requirement that he participate in the SOCTP for an additional year before the Time Allowance Committee (TAC) would consider his release. (*Id.* at 5.)

Plaintiff brings constitutional claims under Section 1983 for the denial of procedural due process, "illegal confinement" in violation of his rights under the Eighth Amendment, and retaliation in violation of the First Amendment, as well as conspiracy to violate his constitutional rights. Plaintiff also asserts a state law claim for harassment. Plaintiff seeks damages and injunctive relief, including a declaration that he is entitled to have his April 2021 parole release date reinstated, the termination of Feuz's employment, and an injunction against further retaliation.

---

[6] Plaintiff states that the DOCCS grievance procedure does not govern decisions of the Time Allowance Committee or the New York State Board of Parole. (*Id.* at 7.)

## DISCUSSION

### A.   Procedural Due Process Claims

The Court understands Plaintiff to be alleging that he was scheduled for release in April 2021, apparently based on the Fishkill TAC's calculation of his earned or projected good-time credits. When Plaintiff did not successfully complete the SOCTP as planned, the TAC recalculated his good-time credits and thus his release date. It is unclear if Plaintiff had any hearing or other opportunity to present his view before the TAC, or the Commissioner's designee, recalculated his good-time credits and release date. Plaintiff contends that the manner in which his April 2021 release date was "revoked," violated his constitutional right to procedural due process.

"In evaluating due process claims, the threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution." *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir. 2001) (alteration and internal quotation marks omitted). Prisoners do not have a protected liberty interest in parole if the relevant statutory scheme endows prison authorities with discretion over the decision whether to grant it. *See Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9–11, (1979); *Barna v. Travis*, 239 F.3d 169, 170–71 (2d Cir. 2001). A prisoner does have a protected liberty interest in an award of good-time credits, however, if the applicable state statutory scheme provides that credits, once awarded, may be revoked only under specific circumstances. *Wolff v. McDonnell*, 418 U.S. 539, 556–58 (1974); *see also Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (reaffirming *Wolff*'s holding). In such an instance, the prisoner is entitled to a hearing that meets certain minimum due process requirements before earned good-time credits may be revoked. *See Wolff*, 418 U.S. at 557–58, 563–72.

In *Edwards v. Goord*, 362 F. App'x 195 (2d Cir. 2010), the Second Circuit addressed a claim similar to the one Plaintiff raises here. The Attica Correctional Facility's TAC had granted

Edwards, a state prisoner, a discretionary award of nearly six years of good-time credits, but he

was then transferred to Gowanda Correctional Facility, where Gowanda's TAC recommended

that Edwards's "refusal to participate in sex offender counseling made him an inappropriate

candidate" for the discretionary award of any good-time credits. The DOCCS Commissioner,

through his designee, had initially affirmed the Attica TAC's recommendation that the credits be

awarded, but the Commissioner thereafter affirmed the Gowanda TAC's new recommendation to

deny any good-time credits. Edwards filed a petition for a writ of *habeas corpus* under 28 U.S.C.

§ 2254, contending that depriving him of the previously approved good-time credits, which

altered his release date, violated his Fourteenth Amendment right to due process of law. The

district court denied the petition, and the Second Circuit affirmed, reasoning as follows:

> [U]nder *Wolff*, the arbitrary revocation of previously awarded good time credits
> runs afoul of the Fourteenth Amendment's guarantee of due process. 418 U.S. at
> 557. But here, the discretionary award of good time credits to Edwards was
> reconsidered in accordance with the procedures generally set forth in N.Y. Comp.
> Codes R. & Regs tit. 7, §§ 261.3–261.4. Edwards received a second hearing
> before the Commissioner, through his designee, ultimately adopted the Gowanda
> TAC's recommendation that Edwards' refusal to participate in sex offender
> counseling made him an inappropriate candidate for such an award. Edwards does
> not contend that this second hearing was procedurally deficient under *Wolff* or any
> other applicable precedent. Moreover, Edwards does not dispute that his refusal to
> participate in sex offender counseling was a relevant consideration under the
> applicable statute. *See* N.Y. Corrections Law § 803(1)(a) (providing that good
> time credits "may be granted for . . . progress and achievement in an assigned
> treatment program, and may be withheld, forfeited or canceled in whole or in part
> for . . . failure to perform properly in the . . . program assigned").

*Edwards*, 362 F. App'x at 197.

Here, Plaintiff alleges that his previously awarded good-time credits were revoked.

Assuming for the purposes of this order that he had a protected liberty interest in such earned

credits, the question then becomes whether Plaintiff received the process that he was due. *Wolff*

provides that generally, before being deprived of a liberty interest, incarcerated individuals have

the right to receive timely notice, the opportunity to be heard, and a written statement of

evidence relied on and reasons for the action being taken. *See Benjamin v. Fraser*, 264 F.3d 175, 190 (2d Cir. 2001); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[R]evocation of good-time credits does not comport with the minimum requirements of procedural due process, unless the findings are supported by some evidence in the record.") (quotations and citation omitted).

Documents attached to the complaint appear to suggest that the Fishkill TAC scheduled Plaintiff to "be seen" after his participation in SOCTP ended unsuccessfully. (ECF 1 at 21). It is unclear whether Plaintiff actually had an opportunity to present, in some fashion, his version of the events that transpired with the SOCTP. Because the complaint does not identify the deficiencies in the process afforded to him, if any, before the Commissioner recalculated his release date, the allegations provided in the complaint fail to state a claim that Plaintiff was denied the constitutional right to procedural due process.

1.    Repleading Section 1983 claims for damages

Plaintiff, however, may be able to allege additional facts about the alleged deficiencies in the process that he received when his previously awarded good-time credits were revoked, and the Court therefore grants Plaintiff leave to do so. As explained below, insofar as Plaintiff seeks to restore his good time credits and earlier release date, he must bring such claims in a petition for a writ of *habeas corpus* rather than a civil rights action.

Whether Plaintiff can also bring a procedural due process claim for damages under Section 1983 depends on whether such a claim would be inconsistent with the decision about his good time credits. The doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), provides that "a state prisoner's § 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) ("[R]espondent's claim for declaratory

relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983").

If Plaintiff brings an amended complaint asserting a Section 1983 claim for damages, he must identify the deficiency in the process that he received in the course of the redetermination of his good time credit award and parole release date. If such a deficiency would necessarily demonstrate the invalidity of the decision, the *Heck* doctrine bars a Section 1983 claim for damages unless the Commissioner's decision has been overturned. *See, e.g., Adams v. Annucci*, No. 17-CV-3794 (KMK), 2018 WL 4608216, at *5 (S.D.N.Y. Sept. 25, 2018) ("[W]ere the Court to find that Defendant's SOTP policy, which required Plaintiff to forgo his earned and future Good Time Credits, was arbitrary, discriminatory, or unconstitutional punishment, it would necessarily imply the invalidity of his continued confinement beyond the date of his conditional release," and *Heck* therefore barred such a damages claim); *Edwards*, 520 U.S. at 649-50 (although allegations that the decisionmaker was biased would necessarily imply the invalidity of the deprivation of good-time credits, other procedural due process defects, such as a failure to specify the facts and evidence supporting the decision, would not necessarily imply the invalidity of the deprivation and would therefore be cognizable in a Section 1983 action). If Plaintiff amends his complaint to replead an action for damages under Section 1983, his amended complaint must include facts showing whether the earlier revocation of good time credits has been modified or rescinded.

2.     Repleading claims to restore good-time credits

A state prisoner's procedural due process claim challenging a decision that affects the length of confinement is properly brought in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, rather than in a civil rights action. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475,

500 (1973) (holding that state prisoners deprived of good-time credits as a result of disciplinary proceedings must file petition under Section 2254 and not 42 U.S.C. § 1983); *accord, e.g., Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006). The proper vehicle for Plaintiff's claim seeking to restore his earlier 2021 release date is a Section 2254 *habeas* petition.

State courts must be given the first opportunity to review the constitutional errors that the petitioner wishes to raise in a Section 2254 petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Before bringing constitutional claims in federal court in a Section 2254 petition, therefore, a prisoner must present his claims to the state court for review. A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a complete round of the state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

Plaintiff alleges that he filed a state *habeas* petition under Article 70, although he does not provide any details about the claims that he raised. It is also unclear whether the state court ruled on the petition and, if so, whether he appealed. If Plaintiff wishes to pursue injunctive relief restoring his good time credits in this Court at this time, he must file a Section 2254 that includes facts about the nature of the claims that he has presented to the state court and what steps he has taken to fully exhaust such claims. Such petition must be filed within 60 days of the date of this order and bear the docket number of this case, 22-CV-8411 (LTS).[7]

---

[7] If Plaintiff files a Section 2254 petition, it may thereafter be opened as a separate action, depending on whether he also files an amended civil rights complaint.

B.    **Eighth Amendment Claim**

Plaintiff invokes the Cruel and Unusual Punishment Clause of the Eighth Amendment. He contends that he has been illegally held past his April 2021 release date, in violation of his constitutional rights. This claim, like Plaintiff's due process claim, is subject to the doctrine set forth in *Heck*. Because Plaintiff's claim that he was entitled to release in April 2021 is necessarily inconsistent with the decision revoking his good-time credits and recalculating his release date, he can pursue this Section 1983 claim only if the decision recalculating his release date is overturned. *See Wilkinson*, 544 U.S. at 81–82 ("[A] state prisoner's § 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Plaintiff does not allege that the decision was overturned, and the *Heck* principle therefore bars Plaintiff's Section 1983 claim under the Eighth Amendment.

C.    **First Amendment Claim**

Plaintiff alleges that Defendant Feuz retaliated against him for filing a complaint asserting claims of religious discrimination in the SOCTP program. To state a First Amendment retaliation claim, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (citing *Espinal v. Goord,* 558 F.3d 119, 128 (2d Cir. 2009)).

To sufficiently allege a causal connection between protected activity and an adverse action, the plaintiff's "allegations must support an inference that the protected conduct was a substantial and motivating factor for the adverse action." *Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012) (summary order). A plaintiff can establish a causal connection giving rise to an inference of retaliation by showing, for example, that the protected activity was close in time to

the adverse action. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001); *Espinal,* 558 F.3d at 129.

Plaintiff's filing of the complaint, in *Gentile*, No. 21-CV-3405 (VB) (S.D.N.Y.), qualifies as protected First Amendment activity. He contends that, in retaliation for filing the complaint, Defendant Feuz and others conspired to have his parole release date delayed by rating his performance in the SOCTP as deficient. The Treatment Program Review Committee decision recommending Plaintiff's termination from SOCTP was dated April 12, 2021, four days before the Court received Plaintiff's complaint in *Gentile*, No. 21-CV-3405 (VB) on April 16, 2021; the court opened that action on the public docket on April 19, 2021, and Defendant Feuz was served with the complaint on or about July 9, 2021. *Gentile*, No. 21-CV-3405 (ECF 20). The timing of Plaintiff's termination from the SOCTP – which apparently took place before Plaintiff's religious discrimination complaint in *Gentile*, No. 21-CV-3405, was opened on the docket, and before Feuz was served with the complaint – does not in itself give rise to any inference that she was retaliating against Plaintiff for this protected First Amendment activity. Moreover, Plaintiff does not plead any other facts that could give rise to an inference of a causal connection between his First Amendment activity and Defendant Feuz's actions.

Even if Plaintiff's allegations had stated a claim that Feuz terminated him from the SOCTP in retaliation for his First Amendment activity, such a Section 1983 claim would be necessarily inconsistent with the Treatment Program Review Committee's stated reason for the recommendation to revoke Plaintiff's good-time credits — his own actions in connection with the SOCTP.

If Plaintiff amends his complaint to replead this Section 1983 claim for retaliation, he must plead facts that would support an inference that his filing of the complaint in *Gentile*, No.

21-CV-3405 (VB), "was a substantial and motivating factor," *Dorsey*, 468 F. App'x at 27, for Feuz's recommendation that Plaintiff be terminated from SOCTP. He must also plead facts showing that success on the First Amendment retaliation claim would not necessarily be inconsistent with the decision recalculating his release date based on his termination from the SOCTP.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim for damages for a denial of procedural due process, the Court grants Plaintiff 60 days' leave to amend his complaint to detail the alleged defects in the process provided when his good time credits were revoked and his parole release date changed. To state a Section 1983 claim for damages for his First and Eighth Amendment claims, Plaintiff must include facts showing that success on these claims would not necessarily be inconsistent with the decision to revoke his good-time credits and recalculate his release date.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

In addition to his Section 1983 claims for damages, if Plaintiff seeks to restore his earlier release date, he must pursue such claims in a petition for a writ of *habeas corpus* under Section 2254, and include facts about his exhaustion of state court remedies.

## CONCLUSION

Plaintiff is granted leave to file an amended civil rights complaint that complies with the standards set forth above, and, if he wishes to do so, a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Plaintiff must submit either (or both) of these pleadings to this Court's Pro Se Intake Unit within 60 days of the date of this order, and label the document(s) with docket number 22-CV-8411 (LTS). An Amended Civil Rights Complaint form and a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 form are attached to this order. No summons will issue, and no answer shall be required, at this time. If Plaintiff fails to comply within the time

14

allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 14, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                   Chief United States District Judge

AO 241                                                                                                                      Page 1
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

### Clerk, United States District Court for
### Address
### City, State  Zip Code

9.  <u>CAUTION:</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. <u>CAPITAL CASES:</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                           Page 2
(Rev. 06/13)

**AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

| The Attorney General of the State of |
|---|

**AMENDED**

**PETITION**

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:



       (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

       (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?      ❑   Yes      ❑   No

5.      Identify all crimes of which you were convicted and sentenced in this case:







6.      (a) What was your plea? (Check one)

                              ❑   (1)      Not guilty      ❑   (3)      Nolo contendere (no contest)

                              ❑   (2)      Guilty          ❑   (4)      Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❐ Jury    ❐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❐ Yes    ❐ No

8. Did you appeal from the judgment of conviction?

❐ Yes    ❐ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ❐ Yes    ❐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?          ❑   Yes          ❑   No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ❑   Yes          ❑   No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)        (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑   Yes          ❑   No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 06/13)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes      ❏   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:        ❏  Yes        ❏   No

(2)  Second petition:     ❏  Yes        ❏   No

(3)  Third petition:        ❏  Yes        ❏   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
         laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
         supporting each ground.

         **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
         state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
         forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 06/13)

(c)     **Direct Appeal of Ground One:**

　　　　(1) If you appealed from the judgment of conviction, did you raise this issue?　　❒　Yes　　❒　No

　　　　(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

　　　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　　　❒　Yes　　❒　No

　　　　(2) If your answer to Question (d)(1) is "Yes," state:

　　　　Type of motion or petition:

　　　　Name and location of the court where the motion or petition was filed:

　　　　Docket or case number (if you know):

　　　　Date of the court's decision:

　　　　Result (attach a copy of the court's opinion or order, if available):

　　　　(3) Did you receive a hearing on your motion or petition?　　❒　Yes　　❒　No

　　　　(4) Did you appeal from the denial of your motion or petition?　　❒　Yes　　❒　No

　　　　(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　❒　Yes　　❒　No

　　　　(6) If your answer to Question (d)(4) is "Yes," state:

　　　　Name and location of the court where the appeal was filed:

　　　　Docket or case number (if you know):

　　　　Date of the court's decision:

　　　　Result (attach a copy of the court's opinion or order, if available):

　　　　(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 06/13)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?            ❒  Yes        ❒  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❒  Yes        ❒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?           ❏  Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?      ❏  Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏  Yes  ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ❐ Yes    ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❐ Yes    ❐ No

(4) Did you appeal from the denial of your motion or petition?    ❐ Yes    ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❐ Yes    ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❑   Yes        ❑   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❑   Yes        ❑   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                              ❏  Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?                         ❏  Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes        ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ❏  Yes    ❏  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ❏    Yes    ❏    No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ❏    Yes    ❏    No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ❏  Yes      ❏   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ❏  Yes      ❏   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

| Print | Save As... | Reset |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State              Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                    Zip Code

Defendant 2:

First Name                     Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                    Zip Code

Defendant 3:

First Name                     Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                    Zip Code

Defendant 4:

First Name                     Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____