UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH J. GENTILE, JR.,

                    Plaintiff,

          -against-

EDWARD BURNETT; JOHN WOOD; LUIS
GONZALEZ; M. FEUZ,

                    Defendants.

22-CV-8411 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is currently incarcerated at Mohawk Correctional Facility in the custody of

the New York State Department of Corrections and Community Supervision (DOCCS), is

proceeding *pro se* and *in forma pauperis* (IFP). In his original complaint, brought under 42

U.S.C. § 1983, Plaintiff asserted claims affecting both the conditions and the duration of his

confinement.[1] He alleged that (1) Social Worker Feuz in the Sex Offender Counseling and

Treatment Program (SOCTP) at Fishkill Correctional Facility in Dutchess County, New York,

had retaliated against him in violation of the First Amendment, which interfered with his

scheduled April 2021 release date; and (2) his release date – which he mistakenly refers to as

release to parole – had been improperly "revoked." By order dated November 14, 2022, the

Court held that Plaintiff's complaint failed to state a Section 1983 claim for violations of his

rights under the First or Fourteenth Amendment and that a procedural due process claim seeking

restoration of good-time credits must be brought in a petition for a writ of *habeas corpus* under

28 U.S.C. § 2254.

---

[1] The original complaint was filed on October 5, 2021, in the United States District Court
for the Western District of New York. Most of the claims were severed and transferred here and,
on October 2, 2022, this new action was opened with those claims.

The Court granted Plaintiff leave to replead his claims to clarify the allegations supporting his claims and the relief sought. On December 1, 2022, Plaintiff submitted an amended pleading. It is titled as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, and he seeks only "*habeas corpus* relief." For the reasons set forth below, the Court directs the Clerk of Court to open a new civil action for the petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 (ECF 15), and treat it as having been brought against his current custodian.[2] The Court concludes below that none of the grounds for relief raised in the Section 2254 petition challenges a decision affecting the length of Plaintiff's confinement, and the petition thus must be denied because he has not asserted any ground for relief cognizable in a Section 2254 petition. The Court grants Plaintiff 30 days' leave to submit in the new action, if he wishes to do so, an Amended Section 2254 petition challenging a decision affecting the length of his confinement.

Because Plaintiff names Defendant Feuz in his amended pleading, and it is unclear if Plaintiff intended to replead his Section 1983 claims, the Court extends the time for Plaintiff to submit an amended complaint in this action, to replead his Section 1983 claims, for 30 days from

---

[2] Where a petitioner challenges the validity of the conviction and sentence imposed, generally venue lies in the district where the underlying criminal conviction occurred. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S.484, 497 & n.13 (1973) ("Congress explicitly recognized the substantial advantages of having these [habeas] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."). Where, as here, a petitioner challenges the execution of his sentence by state officials, venue is proper where the administrative decision was made. *See, e.g., Brooks v. Strack*, No. 1:98-CV-6528, 1998 WL 903497, at *1 (E.D.N.Y. Dec. 7, 1998) ("[W]hen a habeas petitioner seeks to challenge the revocation of his parole, venue is proper in the district in which the parole revocation hearing took place."). The challenged administrative decision was made at Fishkill, within this district; the Court therefore has not transferred this Section 2254 petition to the Northern District of New York, where Plaintiff is currently confined in Mohawk Correctional Facility, and where venue may also be proper (though Plaintiff cannot maintain multiple Section 2254 petitions challenging the same decision).

the date of this order. If Plaintiff does not do so within that time, this Section 1983 action will be

dismissed for the reasons set forth in the November 14, 2022 order to amend.

The Court also addresses below the additional applications that Plaintiff has submitted,

including his application for *pro bono* counsel (ECF 16), and letters indicating: (1) that he had

been charged two filing fees improperly (ECF 26-27); (2) that he is submitting transcripts of his

SORA hearings to bolster his arguments about his participation in the SOCTP at Fishkill (ECF

18-21); (3) that he had already filed a petition for a writ of *habeas corpus* under Section 2254 in

the Western District of New York in 2021, challenging the reconsideration of good-time credits

but had discontinued the petition (ECF 22); and (4) that he is actually innocent of the crimes of

which he was convicted and that he has evidence that the victim lied (ECF 17, 23).

## BACKGROUND

Plaintiff Joseph Gentile, Jr. is currently incarcerated pursuant to his 2007 Queens County

conviction, for which he is serving an aggregate sentence of 18 years' imprisonment and five

years' post-release supervision. *See Gentile v. Larkin*, No. 12-CV-0055, 2018 WL 1459449

(E.D.N.Y. Mar. 23, 2018) (denying petition for a writ of *habeas corpus* under 28 U.S.C. § 2254

attacking conviction). Public records of the DOCCS indicate that the maximum expiration date of

his prison term is November 25, 2023.

The following facts appear from Plaintiff's original civil rights complaint, his amended

pleading, which is styled as a Section 2254 petition, and documents attached thereto. In October

2021, while Plaintiff was at Fishkill Correctional Facility, he was enrolled in the SOCTP. In late

2020, DOCCS made a discretionary determination to grant Plaintiff all of the good-time credit

for which he was eligible, and scheduled him for release in April 2021. Before his release,

however, Plaintiff contends that, in the SOCTP program, Social Worker Maria Feuz "made

3

sexual advances" to him and engaged in "hate speech."[3] (ECF 15 at 3.) The Treatment Plan

Review Committee (TPRC) recommended on April 12, 2021, that Plaintiff be removed from the

SOCTP for what it termed "unsatisfactory participation" and "unsatisfactory behavior." (ECF 1

at 19). The TPRC document, signed on April 12, 2021, states that, "[i]f removal is

recommended, supporting documentation must be submitted to Central Office Guidance and

Counseling SOCTP staff for final determination." (ECF 1 at 19.) Plaintiff does not allege that

any disciplinary charges were brought against him.[4]

   Documents attached to the original complaint state that Plaintiff would "be seen by the

time allowance committee [(TAC)] in May [2021], to determine if his good time [credit] should

be withheld." (*Id.* at 21.) He was not released as originally scheduled. A 2021 reconsideration

decision from Fishkill's TAC states that it recommended that DOCCS "hold all good time until

completion of mandatory SOP programming. May reapply." *Gentile v. Latona*, 1:21-CV-01095

(JLS) (MJR) (W.D.N.Y. Feb. 17, 2022) (ECF 38-2 at 11). The reconsideration decision is signed

by TAC Chairman "DSP Wood" on May 20, 2021, and the recommendation is confirmed by

Fishkill Superintendent Edward Burnett on May 21, 2021, and by the Commissioner on June 2,

2021. (*Id.*). This June 2021 decision altered the length of Plaintiff's confinement.

---

[3] Plaintiff previously brought a civil rights suit alleging that, as a Muslim, the "sex offender program is . . . a violation of [his] religion," but he later voluntarily discontinued it. *Gentile v. Annucci*, No. 21-CV-3405, 39 (VB) (S.D.N.Y. Feb. 2, 2022).

[4] Plaintiff thus was not subject to a single disciplinary determination with "mixed sanctions" that resulted in both his removal from a program and revocation of good-time credits. *See, e.g., Peralta v. Vasquez*, 467 F.3d 98 (2006) (holding that a prisoner subject to a single disciplinary proceeding giving rise to sanctions that affected both the duration of his imprisonment and the conditions could maintain a Section 1983 action challenging sanctions affecting the conditions of confinement, but only if he abandoned all claims related to the sanctions that affected the length of his imprisonment (*e.g.*, loss of good-time credit)).

Plaintiff filed a petition for a writ of *habeas corpus*, under Article 70, in the Supreme Court of the State of New York, Dutchess County, seeking immediate release. *Gentile v. Burnett*, Index No. 390/21. (ECF 15 at 7.) Respondent moved to dismiss the Article 70 petition for lack of personal jurisdiction on the ground that it had not been properly served. By order dated August 31, 2021, the Honorable Maria G. Rosa denied Respondent's motion to dismiss the Article 70 *habeas* petition and transferred it to Erie County, where Plaintiff was then incarcerated at Collins Correctional Facility. (ECF 15 at 25-28.) In Erie County, the Article 70 *habeas* petition was assigned to Justice Givens. (*Id.* at 33.) Plaintiff also filed an Article 78 petition in Erie County challenging the June 2021 DOCCS TAC decision. *Gentile v. Burnett*, No. 812420/2021. (*Id.* at 40.)

Plaintiff argued to Justice Givens that Respondent was late in opposing his Article 70 *habeas* petition, and that Respondent was therefore foreclosed from filing any opposition to it. (*Id.*) Plaintiff also applied to both the Appellate Division and the New York State Court of Appeals to intervene in his Article 70 *habeas* petition, arguing that Respondent was time-barred "since September 10, 2021, from submitting any opposition" to his petition, and asking the appellate courts to grant his Article 70 *habeas* petition seeking immediate release. (*Id.* at 7, 35-43.) These efforts were unsuccessful. Plaintiff appears to have voluntarily withdrawn his Article 70 and Article 78 petitions in February 2022, after Respondent's opposition papers had been filed but before the court issued a decision.

Plaintiff also brought a federal *habeas* petition, under 28 U.S.C. § 2254, arising from these facts, which he voluntarily dismissed after Respondent filed its opposition. *Gentile v. Latona*, 1:21-CV-01095 (JLS) (MJR) (W.D.N.Y.). On February 17, 2022, Respondent moved to dismiss the Section 2254 petition, arguing that (1) Plaintiff 's challenge to DOCCS' good-time

credits decision was unexhausted in the state courts due to his voluntary dismissal of his Article 70 and 78 petitions; (2) his argument that the state corrective process was unavailable or ineffective due to the Supreme Court's "inattention" to his Article 70 *habeas* petition should be rejected because an Article 78 petition was the only proper vehicle and because the Article 70 habeas petition was fully briefed in January 2022, just before Plaintiff voluntarily discontinued it; and (3) exhaustion remained possible at that time because Plaintiff could still ask the state court to exercise its discretion to vacate the discontinuance in the interests of justice, and the Appellate Division would have the discretionary power to review the denial of such relief. *Gentile v. Latona*, No. 1:21-CV-01095, 38 (W.D.N.Y. Feb. 17, 2022).

Plaintiff hired counsel to represent him in the federal 2254 petition. He states that he did so "[i]n hopes that . . . the simplicity of 'the procedural time bar' would be heard loud and clear." (ECF 15 at 11.) Before the federal district court issued a decision in that matter, Plaintiff, who viewed his counsel as "entertaining the clear lie of the respondent's arguments," fired his attorney and withdrew the Section 2254 petition. (*Id.*)

In this December 1, 2022 amended pleading, styled as a Section 2254 petition (ECF 15), Plaintiff argues that: (1) he was terminated from the SOCTP due to Social Worker Feuz's actions (*id.* at 3); (2) the government's opposition to his Article 70 *habeas* petition in the New York State Supreme Court, Erie County, was time-barred and that court's failure to deem the petition unopposed and grant it violates his constitutional rights (*id.* at 3-5); and (3) the Appellate Division, Second Department, and New York State Court of Appeals "refuse[d] to intervene" (*id.* at 9). The named defendants are Social Worker Feuz, Fishkill Superintendent Edward Burnett, and Fishkill employees John Wood and Luis Gonzales. The only relief that Plaintiff seeks is that "the writ of *habeas corpus* be enforced." (*Id.* at 13.)

**DISCUSSION**

Because Plaintiff titles his application as a petition for a writ of *habeas corpus* and he seeks *habeas corpus* relief, the Court construes the application as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The Court therefore will direct the Clerk of Court to open a new civil habeas action and file the application (ECF 15) as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, and a copy of this order, under the docket number for that new action.[5]

By order dated November 14, 2022, the Court held that Plaintiff's initial complaint had failed to state a claim under 42 U.S.C. § 1983 on which relief can be granted and granted him leave to replead his Section 1983 claims within 60 days. (ECF 11.) The December 1, 2022 amended pleading, although otherwise styled as a *habeas* petition, does not name Plaintiff's custodian, and instead names Defendants Feuz and three others against whom Plaintiff initially brought his Section 1983 claims. Because this creates some ambiguity about whether Plaintiff intended to replead his Section 1983 claims against these defendants, the Court will not enter judgment in the civil rights action, and will hold this matter open on the docket for 30 days to give him a final opportunity to file an amended Section 1983 complaint.

**A.     Challenge to execution of sentence**

A state prisoner may bring a Section 2254 petition either to challenge the imposition of his sentence by the state court, or to challenge an administrative decision by state prison or parole officials that affects the fact or length of his confinement. *See Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006) (holding that challenges to the validity of prison administrative determinations and penalties that affect the fact or duration of a prisoner's confinement may be

---

[5] Having reviewed Plaintiff's IFP application, the Court grants Plaintiff IFP status for the new Section 2254 action.

properly brought pursuant to 28 U.S.C. § 2254); *Muhammad v. Close*, 540 U.S. 749 (2004)

("Challenges to the validity of any confinement or to particulars affecting its duration are the

province of *habeas corpus*; requests for relief turning on circumstances of confinement may be

presented in a § 1983 action."). As set forth below, Plaintiff 's Section 2254 *habeas corpus*

petition does not raise a challenge to the DOCCS' decision to "hold" his good-time credit, or any

other claim about the execution of his sentence by DOCCS officials. Although the Court's

general order of operations is to ask whether a petitioner has exhausted his grounds for relief in

the state courts before reaching the merits, here, in identifying the grounds for relief to be

exhausted, it is plain that these grounds are not cognizable in a Section 2254 petition.

    **1.**    **Claims about state court action or inaction**

    Plaintiff raises two grounds for relief based upon the actions of the state courts when he

attempted to exhaust, in Article 70 habeas proceedings, his claim that he was not released as

originally scheduled. The first ground concerns the manner in which the New York State

Supreme Court, Erie County, handled certain procedural matters. Specifically, Plaintiff contends

that the court allowed the government to file an opposition brief to his Article 70 habeas petition,

even though Plaintiff considered the opposition brief to be untimely.

    As a second ground for relief, Plaintiff challenges the inaction of the Appellate Division

and New York Court of Appeals in response to his applications to them to intervene in

connection with the trial court's acceptance of the allegedly late-filed opposition brief. These

grounds, which relate to actions that the state courts took, or allegedly should have taken, in their

handling of Plaintiff's state court pleadings, do not raise a constitutional challenge to a decision

by prison officials that affects the execution his sentence. These grounds for relief are therefore

not cognizable in a Section 2254 habeas petition.

### 2.      Claims for retaliation and removal from SOCTP

Plaintiff's third and final ground for *habeas corpus* relief fares no better. He argues that Social Worker Feuz's offensive conduct, and his response to her improper conduct, resulted in his "abruptly being terminated from her six month 'class.'" (ECF 15 at 3.) Plaintiff has previously characterized her actions as "[r]etaliation for [his] exercise of his First Amendment Right to Free Speech and to Petition for redress of grievances." (ECF 1 at 3.)

On April 12, 2021, the SOCTP Treatment Plan Review Committee, which lists Social Worker Feuz as one of three members, recommended Plaintiff's termination from the SOCTP program based on his unsatisfactory participation and behavior. (*Id.* at 19.) After a final decision was made about Plaintiff's removal from the SOCTP, a different committee (the Fishkill TAC) held a hearing in May 2022 and made a separate decision in June 2021 about whether to reconsider Plaintiff's good-time credit award. Only the second decision is one about the length of Plaintiff's confinement that he can challenge in a Section 2254 petition.

In the order to amend, the Court had addressed Plaintiff's potential procedural due process claim challenging the Fishkill TAC decision on his good-time credits,[6] notifying him of the following:

> A prisoner may have a protected liberty interest in an award of good-time credits if the applicable state statutory scheme provides that credits, once awarded, may be revoked only under specific circumstances. *Wolff v. McDonnell*, 418 U.S. 539, 556–58 (1974); *see also Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (reaffirming *Wolff*'s holding). In such an instance, the prisoner is entitled to a hearing that meets certain minimum due process requirements before earned good-time credits may be revoked. *See Wolff*, 418 U.S. at 557–58, 563–72.

---

[6] In his original civil rights pleading, Plaintiff had asserted that he was "defraud[ed] . . . of the required due process of a 'parole rescission procedure.'" (ECF 1 at 4.)

(ECF 11 at 6.)[7]

Here, Plaintiff has not raised any procedural due process challenge to the June 2021 decision to "hold" his good-time credits until he completed a sex offender program. In fact, he does not mention his good-time credits in this Section 2254 petition or identify any defect in the decision-making process that resulted the determination to "hold" his award of good-time credit.

Instead, Plaintiff's arguments in this Section 2254 petition about Feuz's conduct in the class can be understood as raising either a First Amendment retaliation claim, or a challenge to the Treatment Plan Review Committee's April 12, 2022 removal recommendation. Neither of these grounds challenges an action that necessarily affected the fact or length of Plaintiff's confinement; instead, these are claims about the condition of his confinement. *See, e.g., Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999) ("[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement."). The proper vehicle for bringing a retaliation claim against Social Worker Feuz is a claim under 42 U.S.C. § 1983. *Homen v. Hasty*, 229 F. Supp. 2d 290, 295 (S.D.N.Y. 2002) ("Where a Plaintiff is challenging actions that affect solely the conditions of his confinement, not the fact or

---

[7] The Court also relied on *Edwards*, in which the Second Circuit held that:

> [T]he arbitrary revocation of previously awarded good time credits runs afoul of the Fourteenth Amendment's guarantee of due process. 418 U.S. at 557. But here, the discretionary award of good time credits to Edwards was reconsidered in accordance with the procedures generally set forth in N.Y. Comp. Codes R. & Regs tit. 7, §§ 261.3–261.4. Edwards received a second hearing before the Commissioner, through his designee, ultimately adopted the Gowanda TAC's recommendation that Edwards' refusal to participate in sex offender counseling made him an inappropriate candidate for such an award. Edwards does not contend that this second hearing was procedurally deficient . . . .

362 F. App'x 195 (2d Cir. 2010).

duration, such claims are properly brought pursuant to 42 U.S.C. § 1983."); *Brooks v. Wolcott*, No. 20-CV-0516, 2020 WL 3103795, at *6 (W.D.N.Y. June 11, 2020) ("[A] Section 2254 proceeding is not the proper vehicle for a First Amendment claim like retaliation."). These grounds for relief, which challenge what took place in the SOCTP and the decision to recommend Plaintiff's removal but do not in themselves affect the length of his confinement, are therefore not cognizable in a *habeas* petition.

The petition does not identify any procedural due process defects in the Fishkill TAC's decision to hold Plaintiff's good-time credit, or raise any other cognizable attack on the legality of Plaintiff's custody. The petition must therefore be denied.

**3. Leave to amend Section 2254 petition**

Because Plaintiff is proceeding *pro se*, the Court must consider whether to grant him a further opportunity to amend his petition. If Plaintiff files an amended Section 2254 petition raising a cognizable challenge, such as a procedural due process challenge to the TAC's hearing or June 2021 decision to hold his good-time credits, he will need to address certain threshold matters. From the pleadings and documents filed in Plaintiff's other litigation, it appears the petition may have threshold procedural obstacles to overcome, *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003) (discussing when the one-year limitations period begins to run for a claim challenging the execution of a sentence), and that there will be questions about his complete exhaustion of his claim(s) in the state courts.

If Plaintiff wishes to replead his Section 2254 petition to state a cognizable ground for relief and address these threshold procedural issues, the Court grants Plaintiff 30 days' leave to do so. An Amended Section 2254 Petition form is attached to this order, and the Court strongly encourages Plaintiff, if he chooses to file an amended petition, to use the Court's form petition and to fully answer each question. If Plaintiff does not file an Amended Section 2254 Petition

within 30 days, or if the Amended Section 2254 Petition repeats the grounds for relief that have already been rejected or otherwise fails to assert a cognizable ground for relief, it will be denied without further opportunity to amend.

**B.      Extension of time to replead Section 1983 claims**

By order dated November 14, 2022, the Court granted Plaintiff leave to replead his Section 1983 claims against Defendants Feuz, Burnett, Wood, and Gonzalez, insofar as he was alleging that these individuals were personally involved in violating his constitutional rights. Plaintiff submitted an amended pleading, but the Court has construed that amended pleading (ECF 15) as a petition for a writ of *habeas corpus*, and it will be opened under a new docket number.

The Court's November 14, 2022, order notified Plaintiff that if he failed to amend his complaint within the time allowed, it would be dismissed for failure to state a claim upon which relief may be granted. Plaintiff did not submit an amended complaint repleading his Section 1983 claims. Plaintiff did, however, name these four defendants (Feuz, Burnett, Wood, and Gonzalez) in his amended Section 2254 petition, even though the proper defendant for a Section 2254 petition is the petitioner's current custodian. To foreclose any ambiguity about Plaintiff's Section 1983 claims, the Court extends the time for Plaintiff to replead his Section 1983 claims, as set forth in the November 14, 2022 order, for an additional 30 days. If Plaintiff wishes to replead his Section 1983 claims, he must submit to the Pro Se Intake Unit, within 30 days, an Amended Civil Rights Complaint bearing this docket number, 22-CV-8411.

**C.      Plaintiff's letters**

**1.      Filing Fee**

In letters to the Court, Plaintiff contends that he has been improperly charged two filing fees for this action – one in the Western District of New York and one in this Court. As

explained below, it was proper for two filing fees to be assessed. It is the Court's usual practice, however, to require a prisoner to sign a prisoner authorization form that authorizes the Court to collect the filing fee, under 28 U.S.C. § 1915(b)(1), in installments from a prisoner's institutional account for each civil action. The prisoner authorization form is a courtesy to prisoners to ensure that they are on notice that the $350.00 filing fee will be collected through debits to their prison accounts, even if their cases are dismissed. Here, it appears that the prisoner authorization form that had already been used to authorize collection of the filing fee for Plaintiff's original case in the Western District of New York (21-CV-1100 (JLS) (W.D.N.Y.)), was also used to authorize collection of the filing fee in this case (22-CV-8411 (LTS) (S.D.N.Y.).

Two filing fees are assessed because the entire action pending in the Western District of New York (21-CV-1100 (JLS) (W.D.N.Y.)), was not transferred to this district; if it had been, there would only have been one action. Instead, most but not all of Plaintiff's claims from the original action were severed from the original case and transferred to this district to proceed as a separate case, while his claims against Superintendent Latona remained pending in the Western District. Even though this was therefore a new action, the Court did not ask Plaintiff to submit a new prisoner authorization form for this new case.

Accordingly, if Plaintiff wishes to proceed with the civil rights action under this docket number, and he submits an Amended Civil Rights Complaint form within 30 days, he must also submit a signed prisoner authorization form within the same time period. If Plaintiff does not submit the prisoner authorization, the Court will direct that the filing fee – which was charged twice using the same authorization form – be returned to him. He cannot, however, proceed with this civil rights action without payment of a second filing fee.

###### 2.      Other submissions

Plaintiff has filed many additional letters, some of which seek to add additional

supporting material for this action, and others raising matters wholly irrelevant to this action. As

to the former, the Court has granted Plaintiff an extension of 30 days to replead his Section 1983

claims in an Amended Civil Rights Complaint under this docket number. Although a complaint

need only include a short and plain statement alleging facts showing that the pleader is entitled to

relief, and evidence is not required at the pleading stage, Plaintiff nevertheless must reassert all

of the Section 1983 claims that he is bringing (and that are properly joined in the action) in one

single Amended Civil Rights Complaint. The Court's order granting leave to amend is not an

open-ended invitation to submit additional material on an ongoing basis.

As to the latter issue, Plaintiff has made several submissions of material unrelated to this

action, for example, making arguments about his innocence of the crime of which he was

convicted. The validity of the imposition of his sentence in Queens County is not at issue in this

action, and such submissions are only proper, if at all, in the other fora in which he has or is

continuing to litigate that matter. The Court will not take any action on these submissions.

### D.      Pro bono counsel

Plaintiff seeks the appointment of pro bono counsel to assist him in prosecuting his

amended Section 2254 petition. (ECF 16.) The factors to be considered in ruling on an indigent

litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer,

and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See*

*Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d

58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most

attention." *Cooper*, 877 F.2d at 172. Because the Court has concluded that the grounds for relief

14

that Plaintiff asserts in his amended Section 2254 are not grounds that are cognizable in a *habeas* petition, his motion for counsel is denied without prejudice.

## CONCLUSION

The Court construes the application, which appears on the docket as an amended complaint (ECF 15), as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The Court directs the Clerk of Court to open a new civil action, with the Superintendent of Mohawk Correctional Facility as respondent, and to file in that new action (1) the petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 (ECF 15), (2) the application for pro bono counsel (ECF 16), and a (3) copy of this order. The petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 (ECF 15) does not raise any cognizable ground for relief and is denied with leave to replead. Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

If Plaintiff wishes to amend his Section 2254 petition, he must file an amended petition in the new action within 30 days. If Plaintiff does not file an Amended Section 2254 Petition within 30 days, or if he files an Amended Section 2254 Petition that repeats the grounds for relief that have already been rejected or otherwise fails to assert a cognizable ground for relief, it will be denied without further opportunity to amend. Any further pleadings for the Section 2254 petition must be made in the new action – not in the action under this docket number.

This action, under docket number 22-CV-8411, remains designated as a civil rights action. The Court extends the time for Plaintiff to file his amended civil rights complaint for 30 days. Plaintiff must submit a new signed prisoner authorization form with his amended civil rights complaint if he wishes to proceed. If Plaintiff does not file the amended civil rights complaint, this action will be dismissed for the reasons set forth in the November 2022 order to amend. An amended civil rights complaint form, an amended Section 2254 petition, and a

prisoner authorization form are attached to this order. The Clerk of Court is directed to terminate all pending motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:    March 13, 2023
          New York, New York

                              /s/ Laura Taylor Swain
                    _____
                              LAURA TAYLOR SWAIN
                         Chief United States District Judge

### United States District Court
### Southern District of New York

_____

(full name of the plaintiff/petitioner)

-against-

_____

(full name(s) of the defendant(s)/respondent(s))

CV _____ ( ) ( )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

### PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1) because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2) the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1) send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2) calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____          _____
Date                                                          Signature

_____          _____
Name (Last, First, MI)                                 Prison Identification #

_____
Address                              City                      State      Zip Code

---

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

AO 241
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.    To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.    You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.    Make sure the form is typed or neatly written.

4.    You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.    Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.    You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.    In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.    When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.    <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.    <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241
(Rev. 06/13)

**AMENDED**

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

| The Attorney General of the State of |
|---|

**AMENDED**

**PETITION**

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:

        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?    ❏  Yes        ❏  No

5.      Identify all crimes of which you were convicted and sentenced in this case:

6.      (a) What was your plea? (Check one)

                        ❏  (1)      Not guilty        ❏  (3)      Nolo contendere (no contest)

                        ❏  (2)      Guilty            ❏  (4)      Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury       ❏ Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes       ❏ No

8.      Did you appeal from the judgment of conviction?

❏ Yes       ❏ No

9.      If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?        ❏ Yes       ❏ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?       ❒  Yes       ❒  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?       ❒  Yes       ❒  No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒  Yes       ❒  No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 06/13)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes   ❑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ❑ Yes   ❑ No

(2) Second petition:   ❑ Yes   ❑ No

(3) Third petition:   ❑ Yes   ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)      **Direct Appeal of Ground One:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?  ❐ Yes  ❐ No

      (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ❐ Yes  ❐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:

      Name and location of the court where the motion or petition was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion or petition?  ❐ Yes  ❐ No

      (4) Did you appeal from the denial of your motion or petition?  ❐ Yes  ❐ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❐ Yes  ❐ No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❐ Yes      ❐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❐ Yes      ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?         ❑  Yes      ❑  No

(4) Did you appeal from the denial of your motion or petition?    ❑  Yes      ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❑  Yes   ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241                                                                                                                                    Page 10
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                           ❏  Yes     ❏  No

(4) Did you appeal from the denial of your motion or petition?                      ❏  Yes     ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏  Yes     ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏   Yes          ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏   Yes          ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition?        ❏  Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?        ❏  Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏  Yes     ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:






(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ❏ Yes   ❏ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ❏ Yes   ❏ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ❏ Yes   ❏ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241
(Rev. 06/13)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ❑  Yes      ❑   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ❑  Yes      ❑   No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

   \* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

      (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
           custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

           (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
                  of the time for seeking such review;

           (B)    the date on which the impediment to filing an application created by State action in violation of
                  the Constitution or laws of the United States is removed, if the applicant was prevented from
                  filing by such state action;

           (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                  if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                  cases on collateral review; or

           (D)    the date on which the factual predicate of the claim or claims presented could have been
                  discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print          Save As...          Reset

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                    Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____