UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH J. GENTILE, JR.,

                Plaintiff,

-against-

EDWARD BURNETT, ET AL.,

                Defendants.

22-CV-8411 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

This matter comes before the Court on Plaintiff's application (ECF 27) to return the filing fee that he has already paid, in part, for this matter. For the reasons set forth below, the Court must deny Plaintiff's request, without prejudice to his renewing it in the United States District Court for the Western District of New York.

**BACKGROUND**

Plaintiff filed an action in 2021 in the United States District Court for the Western District of New York, *Gentile v. Latona*, No. 21-CV-1100 (JLS) (W.D.N.Y.). By order dated September 20, 2022, that district court granted Plaintiff's request to proceed *in forma pauperis* (IFP); severed Plaintiff's claims under 42 U.S.C. § 1983 that arose at Fishkill Correctional Facility, in Dutchess County, and transferred them to this district; and granted Plaintiff leave to amend his claim against Superintendent Latona of Collins Correctional Facility. (ECF 8.) The claims that had been severed were received in this Court on October 2, 2022, and opened as a new action under this docket number, 22-CV-8411 (S.D.N.Y.). On October 26, 2022, the Court granted Plaintiff's request to proceed IFP in this new action.

By letter received on February 23, 2023, Plaintiff argued that he had been improperly charged two filing fees – one for the initial action in the Western District of New York and one

for the action in this Court. (ECF 27.) It was proper for two filing fees to be assessed because the claims in Plaintiff's suit were severed, and he thereafter had two actions, each one with some of the claims that he had originally brought.

Prisoners are not excused from paying the filing fee when proceeding IFP. 28 U.S.C. § 1915(b)(1). Nevertheless, it is the Court's usual practice to require a prisoner to sign a prisoner authorization form that authorizes the Court to collect the filing fee in installments from a prisoner's institutional account for each civil action. The prisoner authorization form is a courtesy to prisoners to ensure that they are on notice that the $350.00 filing fee will be collected through debits to their prison accounts, even if their cases are dismissed.

Here, it appears that the prisoner authorization form that had already been used to authorize collection of the filing fee for Plaintiff's original case in the Western District of New York (21-CV-1100 (JLS) (W.D.N.Y.)) was also used to authorize collection of the filing fee in this case (22-CV-8411 (LTS) (S.D.N.Y.)). Even though the suit in this district qualified as a new and separate action, the Court did not request, and Plaintiff did not submit, a new prisoner authorization form for this case. The same authorization form that had already been used in the Western District of New York for was used to charge Plaintiff a second fee for the action in this district. Plaintiff submits his prisoner account statement showing that a $350.00 fee was collected for 21-CV-1100 (JLS) (W.D.N.Y.), and that he was obligated for a second $350.00 fee for 22-CV-8411, of which $46.89 thus far has been collected. (ECF 27.)

The debits appear on Plaintiff's prisoner statement written as USDC WDNY 22-CV-8411 and USDC WDNY 21-CV-1100, even though the former (22-CV-8411) is the docket number of the suit in the SDNY – not the WDNY. It therefore appears that the second fee ($46.89) was paid to the United States District Court for the Western District of New York for the action pending in

2

this district. This Court therefore cannot authorize the return of the $46.89 filing fee, which was paid to the United States District Court for the Western District of New York.[1]

## CONCLUSION

The filing fee for this action, under docket number 22-CV-8411 (S.D.N.Y.), which has been collected in part, was paid to the United States District Court for the Western District of New York. This Court cannot return to Plaintiff fees that were collected and paid to the United States District Court for the Western District of New York. Plaintiff's request (ECF 27) must therefore be denied, without prejudice to his renewing it in the United States District Court for the Western District of New York.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 6, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge

---

[1] Separately, Plaintiff submitted a letter withdrawing "with prejudice" both this civil rights action and his petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging the Time Allowance Committee's decision to hold his good time credits. (ECF 31.) By order dated March 13, 2023, the Court extended for 30 days the deadline for Plaintiff to amend his complaint in this civil rights action. If Plaintiff does not file his amended complaint by the extended deadline, the Court will dismiss this civil rights action with prejudice, as set forth in the March 13, 2023, order.